# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **1:21-cr-00028-RP** |
| | § | |
| **RUBEN JAMES ROCHA** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on November 29, 2021, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, dated November 5, 2021 (the "Petition") (Dkt. 25). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Ruben James Rocha was ordered released on conditions on June 25, 2021. Dkt. 10. Defendant pled guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), on September 30, 2021. Dkt. 23. The District Court accepted Defendant's guilty plea on November 16, 2021, and his sentencing is set for January 7, 2022. Dkts. 24, 32.

The Petition alleges that, at 3:36 a.m. on October 29, 2021, Defendant was arrested by officers with the Dimmit County Sheriff's Office and charged with Possession of a Controlled Substance and Possession of Marijuana. Dkt. 25 at 2. The Petition alleges that Defendant traveled to Uvalde, Texas without first obtaining permission from Pretrial Services. *Id.* at 1. The Dimmitt County Sheriff's Office Incident Report, admitted into evidence during the revocation proceeding as Government Exhibit 1, states that a United States Border Patrol agent found 17.39

grams of methamphetamine and 28.48 grams of marijuana on Defendant's body. Defendant did

not contact Pretrial Services to report the arrest. Dkt. 25 at 1.

The Petition alleges that Defendant's actions violate the following conditions of his release:

(1)     The defendant must not violate federal, state, or local law while on release.

(7)(f)  The defendant must abide by the following restrictions on personal association, residence, or travel: Travel restricted to Travis and adjoining counties, unless approved by the Court or U.S. Pretrial Services. No foreign travel. Reside at address pre-approved by Pretrial Services.

(7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(s) The defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

The Court has considered the Pretrial Services Report, the Petition, and the evidence and

arguments of counsel for Defendant and for the government at the revocation hearing. During the

hearing, Defendant admitted the allegations in the Petition.

Based on the uncontroverted record evidence and Defendant's admissions, pursuant to 18

U.S.C. § 3148(b)(1), the Court finds that there is (A) probable cause to believe that Defendant

committed a Federal, State, or local crime while on release, and (B) clear and convincing

evidence that Defendant has violated conditions of his release (7)(f), (7)(m), and (7)(s). The

Court further finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by

any condition or combination of release. For these reasons, the Court also finds, pursuant to

18 U.S.C. § 3143(a)(1), that Defendant shall be detained while awaiting imposition of sentence.

The Court's findings are based in part on the nature of the charge to which Defendant has pled

guilty; his violation of numerous conditions of release; his lengthy criminal history, including

conviction for a violent offense (aggravated assault with a deadly weapon); and his history of

criminal activity under supervision resulting in revocation of probation.

For these reasons, it is **ORDERED** that Defendant's previous release on conditions is **REVOKED** and he is **HEREBY DETAINED** pending further proceedings in this case.

### Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** November 29, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE